# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# NORTHERN DIVISION

| | |
|---|---|
| WILLIE WILSON PRODUCTIONS, INC., ) | JUDGE CONLON |
| Plaintiff, ) | |
| vs. ) | No. |
| DOUBLE TREBLE, INC., a nonprofit ) corporation, and SUE JAQUES, ) | 00C 2606 |
| Defendants. ) | MAGISTRATE JUDGE NOLAN |

## COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

Plaintiff, Willie Wilson Productions, Inc. ("Willie Wilson"), by its attorneys, for its Complaint for Injunctive and Other Relief against defendants Double Treble, Inc. ("DT") and Sue Jaques ("Jaques"), states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Willie Wilson is an Illinois corporation and has its principal place of business at 4801 Southwick Drive, Suite 602, Matteson, Illinois. Willie Wilson is in the business of hosting, sponsoring, and producing live musical and variety shows, which are recorded and produced for distribution in commerce via television to customers and prospective customers in Illinois, nationally and internationally.

2. DT is a New Jersey nonprofit corporation and upon information and belief has its principal place of business at 60 Route 518, Skillman, New Jersey. Upon information and belief, DT is in the business of providing entertainment services, and promoting, advertising, hosting and recording musical festivals and the retail sale of the musical festival recordings in commerce to others on compact discs and/or magnetic tape storage devices. Said compact discs and tape storage

VPCHI01/#606287.1

devices are being sold, *inter alia*, online through an Internet World Wide Web page having the address *www.singsation.com*, and are being distributed in commerce to customers and prospective customers in Illinois and nationally.

3. Jaques is an officer of DT residing at 60 Route 518, Skillman, New Jersey. Upon information and belief, Jaques is in the business of the retail sale of the pre-recorded musical compact discs and tapes and other items via her registration, operation and ownership of an Internet World Wide Web page, *www.singsation.com*, located on the Internet at domain servers NAMESRV.MDC.NET: 206.66.240.254 and NAMESRV2.MDC.NET: 206.66.240.253, which are distributed in commerce to customers and prospective customers in Illinois and nationally.

4. This action arises under the Lanham Act, Title 15, Sections 1114 and 1125(a), the laws of the State of Illinois, including the Illinois Trademark Act, 765 ILCS 1035/1 et. seq., the Illinois Deceptive Trade Practices Act, 815 ILCS 510/1 et. seq., the Illinois Consumer Fraud and Deceptive Businesses Practices Act, 815 ILCS 505/1 et. seq., and Illinois common law. Willie Wilson seeks injunctive relief and actual damages, including DT's and/or Jaques' profits and Willie Wilson's costs and attorneys' fees under 15 U.S.C. §1117, 815 ILCS 510/3 and 815 ICLS 505/10a.

5. This court has jurisdiction over the matters raised herein pursuant to 28 U.S.C. Section 1331, 28 U.S.C. §1338(a) and (b), and 28 U.S.C. §1367(a).

6. Venue is proper in this District because DT and Jaques transact business in this District and pursuant to 28 U.S.C. §1391(b) and (c).

### ALLEGATIONS COMMON TO ALL COUNTS

7. Willie Wilson owns the trademark SINGSATION and U.S. Trademark Registration No. 1,666,148 therefor, which was registered on the Principal Register in the U.S. Patent and Trademark Office on November 26, 1991, and has become incontestable. Willie Wilson has used

the trademark SINGSATION since June 4, 1989, in connection with a musical and variety show distributed in Illinois, nationally, and internationally.

8. Willie Wilson has used the trademark identified in Paragraph 7 above on or in connection with entertainment services, namely, a continuing musical and variety show distributed through or by way of television. (The trademark identified in Paragraph 7 shall hereinafter be referred to as the "Mark.")

9. DT and Jaques are using the expression SINGSATION (the "Infringing Mark") and the Internet Domain Name *www.singsation.com* (the "Infringing Domain Name"), in connection with providing entertainment services, and promoting, advertising, hosting and recording live performance of a musical show and the retail sale to others of compact discs and/or magnetic tapes containing pre-recorded material from the live musical shows, which compete directly with the business of Willie Wilson.

10. DT's and Jaques' use of the Infringing Mark and the Infringing Domain Name are likely to cause confusion in the market place, in that the goods and services promoted by DT and Jaques under the Infringing Mark and the Infringing Domain Name are identical to the goods and services provided by Willie Wilson under the Mark.

11. DT and Jaques use the Infringing Mark and the Infringing Domain Name in a manner to exploit and misappropriate the good will and reputation of Willie Wilson that is based on Willie Wilson's use of the Mark.

## COUNT I

## Trademark Infringement Pursuant to
## §32 of The Lanham Act (15 U.S.C. §1114)

12. Willie Wilson restates and realleges Paragraphs 1-11 as if fully set forth herein.

13. The mark SINGSATION is inherently distinctive and/or has acquired secondary meaning in the stream of commerce.

14. The mark SINGSATION was first used on June 4, 1989 and predates any use of the Infringing Mark or Infringing Domain Name by DT or Jaques, including, but not limited to, DT's or Jaques' use of the Infringing Mark or Infringing Domain Name to promote musical shows and performances, or the sale of pre-recorded compact discs and/or tapes and other goods and services via its performances or Internet World Wide Web site, *www.singsation.com*.

15. DT's and Jaques' use of the Infringing Mark and Infringing Domain Name in connection with entertainment services identical to those sold by Willie Wilson under the Mark, and in connection with the sale of pre-recorded musical performances similar to the sale of pre-recorded musical performances offered by Willie Wilson under the Mark, constitutes infringement of Willie Wilson's rights in the Mark and is likely to create confusion, or to cause mistake, or to deceive, in violation of 15 U.S.C. §1114.

16. DT and Jaques have used the Infringing Mark and the Infringing Domain Name with knowledge that such imitation is intended to cause confusion, or to cause mistake, or to deceive.

17. By reason of DT's and Jaques' unlawful activities, Willie Wilson has been and is likely to be damaged, and, unless DT's and Jaques' activities are restrained, Willie Wilson will continue to suffer serious and irreparable injury, without a full and an adequate remedy at law.

## COUNT II

### Federal Unfair Competition pursuant to
### §43(a) of The Lanham Act (15 U.S.C. §1125(a))

18. Willie Wilson restates and realleges Paragraphs 1-17 as if fully set forth herein.

19. The mark SINGSATION, as used by Willie Wilson to identify the products and services it offers, is inherently distinctive and/or has acquired secondary meaning.

20. DT's and Jaques' use of the Infringing Mark and Infringing Domain Name in connection with entertainment services identical to those sold by Willie Wilson under the Mark, and in connection with the sale of pre-recorded musical performances identical to the sale of pre-recorded musical performances offered by Willie Wilson under the Mark, constitutes infringement of Willie Wilson's rights in the Mark and is likely to create confusion, or to cause mistake, or to deceive as to the origin, sponsorship or approval of DT's or Jaques' goods and services by Willie Wilson, in violation of 15 U.S.C. §1125.

21. DT and Jaques deliberately and knowingly adopted, used and continue to use the Infringing Mark and Infringing Domain Name in bad faith, with the intent to trade upon the good will established by Willie Wilson, to create confusion in the public mind, and to misappropriate Willie Wilson's rights in the good will it has established in the Mark, all to the irreparable injury of Willie Wilson.

22. By reason of DT's and Jaques' unlawful activities, Willie Wilson has been and is likely to be damaged, and, unless DT's and Jaques' activities are restrained, Willie Wilson will continue to suffer serious and irreparable injury, without a full and an adequate remedy at law.

## COUNT III

### Uniform Deceptive Trade Practices Act

23. Willie Wilson restates and realleges Paragraphs 1-22 as if fully set forth herein.

24. Section 510/2 of the Illinois Uniform Deceptive Trade Practices Act (the "UDTPA") provides, in relevant part that:

> A person engages in deceptive trade practices when, in the course of his business, location, or occupation, he:
>
> (1) passes off goods or services of those of another;
> (2) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;
> (3) causes likelihood of confusion or of misunderstanding as to the affiliation, connection or association with or certification by another;
>
> * * *
>
> (12) engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.

815 ILCS 510/2 (West 1998).

25. DT's and Jaques' use of the Infringing Mark and the Infringing Domain Name in connection with entertainment services identical to those sold by Willie Wilson under the Mark and in connection with the sale of pre-recorded musical performances identical to the sale of pre-recorded musical performances offered by Willie Wilson under the Mark, without Willie Wilson's consent, is an attempt to pass off DT's and Jaques' goods and services as those of Willie Wilson; causes a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of DT's and Jaques' goods and services; causes a likelihood of confusion or of misunderstanding as to affiliation, connection or association between DT and Jaques and Willie Wilson; and creates a likelihood of confusion or of misunderstanding among consumers generally as between the goods and services of DT and Jaques and those of Willie Wilson, all in violation of Section 2 of the UDTPA.

26. DT and Jaques have willfully engaged in deceptive trade practices prohibited by Section 2 of the UDTPA in that DT and Jaques adopted, used and continue to use the Infringing Mark and the Infringing Domain Name with the intent to trade upon the good will established by Willie Wilson under the Mark, to create confusion in the public mind, and to misappropriate Willie Wilson's rights in the good will it has established, all to the irreparable injury of Willie Wilson.

27. By reason of DT's and Jaques' unlawful activities, Willie Wilson has been and is likely to be damaged, and unless DT's and Jaques' activities are restrained, Willie Wilson will continue to suffer serious and irreparable injury, without a full and adequate remedy at law.

## COUNT IV

### Consumer Fraud and Deceptive Business Practices Act

28. Willie Wilson restates and realleges Paragraphs 1-27 as if fully set forth herein.

29. Section 505/2 of the Illinois Consumer Fraud and Deceptive Business Practices Act (the "CFDBPA") provides that:

> "Unfair deceptive acts or practices, including but not limited to. . . the use of employment or any practice described in Section 2 of the "Uniformed Deceptive Trade Practices Act", approved August 5, 1965, and the conduct of any trade or commerce are hereby declared unlawful whether in fact any person has been mislead, deceived or damaged thereby."

815 ILCS 505/2.

30. DT's and Jaques' violation of the UDTPA, as set forth in Paragraphs 23 to 27 herein, by their use and employment of deceptive trade practices, constitutes a violation of Section 2 of CFDBPA.

## COUNT V

### Common Law Unfair Competition

31. Willie Wilson restates and realleges Paragraphs 1-30 as if fully set forth herein.

32. DT's and Jaques' use of the Infringing Mark and Infringing Domain Name on goods and services used in connection with goods identical to the goods sold by Willie Wilson under the Mark, and in connection with entertainment services identical to the entertainment services offered by Willie Wilson under the Mark, without Willie Wilson's consent, is an attempt to pass off DT's and Jaques' goods and services as those of Willie Wilson; causes a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of DT's and Jaques' goods and services; causes a likelihood of confusion or of misunderstanding as to affiliation, connection or association between DT and Jaques and Willie Wilson; and creates a likelihood of confusion or of misunderstanding among consumers, generally as between the goods and services of DT and Jaques and those of Willie Wilson, and constitutes unfair competition under the laws of the State of Illinois.

33. DT and Jaques have intentionally and willfully engaged in unfair competition in that DT and Jaques adopted, used and continue to use the Infringing Mark and the Infringing Domain Name with the intent to trade upon the good will established by Willie Wilson under the Mark, to create confusion in the public mind, and to misappropriate Willie Wilson's rights and the good will it has established, all to the irreparable injury of Willie Wilson.

34. The acts of DT and Jaques complained of herein constitute inequitable pirating of the fruits of Willie Wilson's labor and are acts of unfair competition in violation of Illinois common law. DT's and Jaques' acts of unfair competition were done and continue to be done knowingly, intentionally and willfully.

35. DT and Jaques will continue to engage in unfair competition with Willie Wilson unless enjoined by this Court.

36. Willie Wilson has no adequate remedy at law.

**PRAYER**

WHEREFORE, Willie Wilson prays this Court:

(a) Preliminarily and permanently enjoin DT, its representatives, officers, agents, servants, employees and attorneys, and any and all persons in active concert with them, from using the Infringing Mark and/or the Infringing Domain Name, Willie Wilson's Mark or any variations thereof or any trade name, trademark or servicemark confusingly or deceptively similar to the Mark in connection with the promotion, advertising, solicitation, conduct and expansion of DT's promotion or promotions of music shows in particular, in connection with DT's pre-recorded compact disc or tape business and musical performances in the State of Illinois and nationally, or otherwise competing unfairly with Willie Wilson;

(b) Preliminarily and permanently enjoin Jaques, her representatives, officers, agents, servants, employees and attorneys, and any and all persons in active concert with her, from using the Infringing Mark and/or the Infringing Domain Name, Willie Wilson's Mark or any variations thereof or any trade name, trademark or servicemark confusingly or deceptively similar to the Mark in connection with the promotion, advertising, solicitation, conduct and expansion of Jaques' promotion or promotions of music shows in particular, in connection with Jaques' pre-recorded compact disc or tape business and musical performances in the State of Illinois and nationally, or otherwise competing unfairly with Willie Wilson;

(c) Order DT to deliver to Willie Wilson for destruction, all advertisements, brochures, promotional materials, signs, stationery, business cards, other written material or videotapes, compact discs, magnetic tapes, clothing, personal accessories, or any other product which depict or otherwise disclose the Infringing Mark or Infringing Domain Name, or any name or mark confusingly similar thereto;

(d) Order Jaques to deliver to Willie Wilson for destruction, all advertisements, brochures, promotional materials, signs, stationery, business cards, other written material or videotapes, compact discs, magnetic tapes, clothing, personal accessories, or any other product which depict or otherwise disclose the Infringing Mark or Infringing Domain Name, or any name or mark confusingly similar thereto;

(e) Order DT to immediately cease all operations in connection with the Infringing Domain Name, and to assign all rights of ownership of the Infringing Domain Name to Willie Wilson;

(f) Order Jaques to immediately cease all operations in connection with the Infringing Domain Name, and to assign all rights of ownership of the Infringing Domain Name to Willie Wilson;

(g) Order DT, its representatives, officers, agents, servants, employees and attorneys, and any and all persons in active concert with it, to fully compensate Willie Wilson for the preparation and distribution of corrective advertising;

(h) Order Jaques, her representatives, officers, agents, servants, employees and attorneys, and any and all persons in active concert with her, to fully compensate Willie Wilson for the preparation and distribution of corrective advertising;

(i) Order an accounting of all of DT's revenues derived from infringing activity, and award an award of exemplary damages, attorney's fees and costs to Willie Wilson;

(j) Order an accounting of all of Jaques' revenues derived from infringing activity, and award an award of exemplary damages, attorney's fees and costs to Willie Wilson; and

(k) Award Willie Wilson such other and further relief as this Court deems just and proper under the circumstances.

WILLIE WILSON PRODUCTIONS, INC.

By: _____
One Of Its Attorneys

Angelo J. Bufalino
James V. Garvey
Michael J. Turgeon
Vedder, Price Kaufman & Kammholz
222 North LaSalle Street
Chicago, Illinois 60601
(312) 609-7500
FAX (312) 609-5005

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as require by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the us of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

WILLIE WILSON PRODUCTIONS, INC.

## DEFENDANTS

DOUBLE TREBLE, INC., a nonprofit corporat and SUE JAQUES

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   COOK
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Vedder, Price, Kaufman & Kammholz
222 North LaSalle Street
Chicago, IL 60601 (312) 609-7500

ATTORNEYS (IF KNOWN) JUDGE CONLON

00C 2606

MAGISTRATE JUDGE NOLAN

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINT
(For Diversity Cases Only)                                   AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DE |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determinati Under Equal Access to Ju |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Lanham Act, Title 15, Section 1114 and 1125(a)

MAY 01 2000

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complai
JURY DEMAND: ☒ YES ☐ NO

## VIII. This case

☒ is not a refiling of a previously dismissed action.

☐ is a refiling of case number _____, previously dismissed by Judge _____

DATE 4/28/00

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT